Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3014 | **DATE** | 5/9/2003 |
| **CASE TITLE** | Ameritech et al vs. Voices For Choices, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ■ | Status hearing set for 5/22/2003 at 9:30 A.M.. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiffs' motion (Doc 2-1) for a temporary restraining order is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 2 2003 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
MAY 1 2 2003

AMERITECH, a Delaware corporation d/b/a SBC )
Midwest; ILLINOIS BELL TELEPHONE )
COMPANY, INC., an Illinois corporation d/b/a )
SBC Illinois; and SBC PROPERTIES, L.P., a )
Nevada limited partnership, )
)
                Plaintiffs, )
)
vs. ) 03 C 3014
)
VOICES FOR CHOICES, INC., a District of )
Columbia not-for-profit corporation, )
)
                Defendant. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion for temporary restraining order ("TRO") brought by Plaintiffs Ameritech Corp., Illinois Bell Telephone Company, Inc., and SBC Properties, L.P (collectively "SBC"). For the reasons set forth below, we deny the motion.

### **BACKGROUND**

This is a suit for defamation. SBC owns a telecommunications network that it is legally obligated to lease to competitors such as MCI and AT&T. Currently SBC

7

is supporting a bill (the "Bill") introduced in the Illinois General Assembly that would allow SBC to raise the leasing rates it charges competitors for use of its network. Defendant Voices for Choices, Inc. ("Voices") is a not-for-profit corporation that opposes the proposed legislation. Voices is comprised of SBC competitors such as MCI and AT&T as well as by consumer groups and trade associations. Voices conducts a public lobbying campaign that claims the Bill "would . . . double your phone rates" and that "consumer phone rates in Illinois will skyrocket" if the Bill is passed. SBC claims these two statements are defamatory. Presently before the court is SBC's motion for a TRO that would generally restrain Voices from running a defamatory lobbying campaign and specifically restrain Voices from stating that the Bill would cause consumer phone rates in Illinois to double or skyrocket.

## LEGAL STANDARD

Although the motion is styled as one for a TRO, in light of the relief sought, we think it more properly be considered as a motion for preliminary injunction. In any event, "[t]he standards for a temporary restraining order and a preliminary injunction are identical." *Frederick Atkins, Inc. v. Carson Pirie Scott & Co.*, 1999 WL 1249342, *1 (N.D. Ill. Dec. 13, 1999). To be entitled to a preliminary injunction, SBC must demonstrate:

(1) that it has a reasonable likelihood of success on the merits of its claim;

(2) that no adequate remedy at law exists;
(3) that it will suffer irreparable harm if the preliminary injunction is denied;
(4) that the irreparable harm it will suffer without preliminary injunctive relief outweighs the irreparable harm the nonmoving party will suffer if the preliminary injunction is granted; and
(5) that the injunction will not harm the public interest.

*Id.* (citing *Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998)).

## DISCUSSION

Voices resists the motion on two basic grounds. First, Voices argues that the First Amendment bars the relief that SBC seeks. Second, Voices argues that SBC cannot demonstrate the required elements for a preliminary injunction.

### I. The First Amendment

Voices argues that the First Amendment's freedom of speech guarantee precludes the injunctive relief that SBC seeks (i.e. a prior restraint on Voices' public lobbying campaign). In other words, Voices argues, even assuming *arguendo* SBC would succeed on the merits of its defamation claims, SBC would still not be entitled to a prior restraint on Voices' campaign. The law is on Voices's side. Indeed, the Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). The Court further explained why

after-the-fact sanctions, and not prior restraint, is the appropriate remedy in a defamation case:

> A criminal penalty or a judgment in a defamation case is subject to the whole panoply of protections afforded by deferring the impact of the judgment until all avenues of appellate review have been exhausted. Only after judgment has become final, correct or otherwise, does the law's sanction become fully operative.
>
> A prior restraint, by contrast and by definition, has an immediate and irreversible sanction. If it can be said that a threat of criminal or civil sanctions after publication "chills" speech, prior restraint "freezes" it at least for the time.

*Stuart*, 427 U.S. at 559. Although prior restraint is not unconstitutional *per se*, any request for such relief "comes to this Court with a 'heavy presumption' against its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (citing *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 181 (1968); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963)). SBC "thus carries a heavy burden of showing justification for the imposition of such a restraint." *Keefe*, 402 U.S. at 419. SBC has not met this burden, and there is no justification for the relief sought. Not only would such an injunction offend the First Amendment's guarantee to free speech, it would detrimentally affect democracy generally. What SBC requests (and what we must deny) is an order enjoining Voices from carrying out a public lobbying campaign in opposition to a bill pending in the Illinois state legislature.

## II. Preliminary Injunction Requirements

Voices also opposes the motion on the grounds that SBC has not demonstrated the requisite elements of a preliminary injunction.

### A. Likelihood of Success on the Merits

In order to prevail on a defamation claim, a plaintiff must prove: (1) a defamatory assertion of fact, (2) publication of the defamatory assertion; and (3) injury to the plaintiff's reputation. *Isaacson v. Keck, Mahin & Cate*, 1993 WL 68079, *6 (N.D. Ill. March 10, 1993). "The first requirement, a defamatory assertion of fact, can be broken down into two components; the words must be defamatory and there must be a statement of fact rather than opinion." *Id*. The statements, the Bill "would . . . double your phone rates" and "consumer phone rates in Illinois will skyrocket", are statements of opinion. They are nothing more than predictions as to the effect of the Bill if passed into law. Voices does not claim that the Bill itself directly raises consumer phone rates. Rather, Voices claims that, if the Bill becomes law, consumer phone rates will double or skyrocket as a result. Thus, SBC has a very low likelihood of success on the merits.

### B. No Adequate Remedy at Law & Irreparable Injury

SBC states that the alleged continuing defamation will injure its "business, reputation and good will" and leave it without an adequate legal remedy. These types

of "injuries, however, are all amenable to pecuniary valuation and can be adequately compensated with money damages." *Lancaster Found., Inc. v. Skolnick*, 1992 WL 211063, *5 (N.D. Ill. Aug. 21, 1992); *see also Classic Components Supply, Inc. v. Mitsubishi Elec. Am. Inc.*, 841 F.2d 163 (7th Cir. 1988) (loss of business compensable through money damages); *Lawson Prods. v. Avnet, Inc.*, 782 F.2d 1429, 1441 (7th Cir. 1986) (lost goodwill can be adequately compensated with money damages); *D'Acquisto v. Washington*, 640 F. Supp. 594, 625 (N.D. Ill. 1986) (loss of income is not irreparable even when coupled with damage to reputation). Additionally, because these injuries can be compensated by money, SBC will not be irreparably harmed if preliminary injunctive relief is denied.

C. <u>Balancing the Harms and the Public Interest</u>

An injunction silencing Voices' opposition to the Bill could result in the successful passing of that Bill when it otherwise might not pass. Allowing both parties, SBC and Voices, to engage in competing public lobbying campaigns with respect to the prospective legislation is the equitable way to balance the harms. If either party utters defamatory statements, the other is free to publicly confront that party with the truth and/or sue to recover its resulting damages.

While the public has an interest in honest public debate, we believe silencing one side of a public debate is a drastic measure that would severely harm the public interest in freedom of speech and the legislative process.

## CONCLUSION

Based on the foregoing analysis, we deny the motion.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY - 9 2003